UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALEX BREMMER ABELSON,

Defendant.

CASE NO. CR 16-5247 RBL

ORDER DENYING MOTION TO REOPEN DETENTION HEARING

The Defendant's Motion to Reopen Detention Hearing (Dkt. 110) was referred to the undersigned by District Judge Ronald B. Leighton. The Motion to Reopen is pursuant to 18 U.S.C. §3142(f)(2)(B) which allows a judicial officer to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

The Plaintiff opposes the request to reopen.

For the reasons set forth below, the motion is DENIED.

ORDER DENYING MOTION TO REOPEN DETENTION HEARING- 1

The Defendant provides two reasons to support his request to reopen the detention hearing. First, he asserts that his prior attorney did not offer any letters from family members and friends for the Court's consideration. Second, he asserts that his prior counsel did not have any discovery at the time he argued for release. Dkt. 110, p. 5.

**FIRST REASON: LETTERS FROM FAMILY AND FRIENDS**

The Defendant asserts that the numerous letters attached to his Motion to Reopen Detention Hearing show that his family and friends "believe Mr. Abelson will always appear for court and is in no way a danger to the community." Dkt. 110, p. 5.

In response to the first reason, the Government notes that Mr. Abelson's prior attorney did submit a letter from his client's grandmother for consideration by the court at the detention hearing. The Government also notes that "none of the letters include any information that would not have been known to the Defendant at the time of his initial detention hearing." Dkt. 114, p. 3.

The Court agrees with the Government that the first reason provided by Mr. Abelson does not warrant reopening of the detention hearing. The statutory requirement is that there be new information that was not known to the **movant** at the time of the detention hearing. Mr. Abelson is the movant – not his prior attorney. Mr. Abelson certainly knew of the relationships he has with those who wrote letters on his behalf.

**SECOND REASON: DISCOVERY**

Mr. Abelson's counsel has now obtained complete discovery which was not available to Mr. Abelson's first attorney. She asserts that the information contained in the discovery shows that there is "scant evidence against Mr. Abelson other than being at a house when a search warrant happened to be executed where drugs and guns were found." Dkt. 110, p. 5. She further

asserts that the information contained in the discovery has a material bearing both on conditions of release as well as any argument that Mr. Abelson is a danger to the community.

The new information that the Defendant asserts was contained in the discovery includes the following:

(1) Mr. Abelson had only been on supervision for one month prior to the signing of the affidavit for a search warrant.

This, however, is not new information as this was known to Mr. Abelson at the time of the detention hearing. It is his knowledge that is at issue and not the knowledge or lack of knowledge of his prior attorney.

(2) Mr. Abelson was at the hospital with his new born son every day from April 6 to April 15.

If this information was contained in the recently obtained discovery, it is clearly information previously known to the movant, Mr. Abelson, and therefore does not constitute new information.

(3) Mr. Abelson asserts that "law enforcement saw Mr. Humburgs go to the McKinley Avenue house several times while Mr. Abelson was *in custody*."

The Complaint includes specific dates when Mr. Humburgs was observed going to the McKinley Avenue house and certainly Mr. Abelson knew when he was in custody. This does not constitute new information. The Court also notes that Mr. Humburgs was observed going to the McKinley Avenue house at 2:50 a.m. on April 29, 2016 and the search warrant was executed at approximately 3:45 a.m. on April 29, 2016. Dkt. 1, p. 24. Clearly on this occasion Mr. Abelson was not in custody when this observation was made.

(4) Mr. Abelson's prior criminal history consists of a few misdemeanors and one felony.

This information was contained in the pre-trial services report and included a summary

of the facts underlying the felony charge. This was information already known to Mr. Abelson and does not constitute new information.

(5) Mr. Abelson's prior defense counsel did not know that a number of the guns were found in a locked safe, that Ms. Pitts had the key to the safe on her key ring, and that agents could not find any fingerprints of Mr. Abelson on any of the firearms. Also, the firearm found in the bedroom was "inside Ms. Pitts' *closet*, in an unsecured lockbox, underneath a female's purse, and out of sight from where Mr. Abelson was sleeping." Dkt. 115, p. 4.

The specific information about the guns could be new information not known to the defendant at the time of the detention hearing but he certainly knew that guns were found as a result of the search, as that information is included in the Complaint. *See* Dkt. 1, p. 27. If he did not know about the presence of the guns, then his lack of knowledge was known to him at the time of the detention hearing.

(6) Prior counsel did not have access to the state court felony file which shows that Mr. Abelson was required to appear for fourteen different hearings and that he never missed one of the hearings.

Clearly Mr. Abelson knew this at the time of the detention hearing and therefore this does not constitute new information. In addition, the Court notes that the pre-trial services report does not reflect any failure to appear relating to the felony charge.

(7) DOC records show that Mr. Abelson's residence at the time of the search warrant execution was not the McKinley Avenue house but a different address in Puyallup.

The pre-trial services supplemental report includes the Puyallup address on the cover sheet. In addition Ms. Wikstrom told the pre-trial services officer that the defendant resided with her at the Puyallup address. Mr. Abelson clearly knew where he resided. This does not qualify as new information.

**GOVERNMENT'S RESPONSE**

In response to the defendant's assertion that discovery shows "scant evidence against Mr. Abelson," the Government points out the specific information contained in the Complaint. The Complaint states that "[i]n a nightstand in ABELSON's bedroom, investigators found 14 suspected methamphetamine pills; a total of 26.8 grams of suspected heroin; numerous prescription-only pills (which were not in prescription pill bottles); .5 grams of suspected cocaine; 9.4 grams of suspected has oil; 15.8 grams of an unknown substance; and .5 grams of crushed suspected MDMA (ecstasy). Investigators also found approximately 2,085 grams ((4.7 pounds) of suspected methamphetamine in ABELSON's bedroom, in a bag on the floor next to the closet, along with a total of $18,743 in United States currency and coins hidden in various locations throughout the room." Dkt. 1, p. 28. While opinions may vary as to the weight of the evidence, the conclusion asserted by defense counsel does not constitute new information such that the detention hearing should be reopened.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion to Reopen Detention Hearing (Dkt. 114) is DENIED.

DATED this 13th day of October, 2016.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO REOPEN DETENTION
HEARING- 6